IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JUAN J. OTERO-NEGRON,

  Petitioner,

  v.

UNITED STATES OF AMERICA,

  Respondent.

CIV. NO. 04-1221(PG)
Re: CR. 99-280 (PG)

## OPINION AND ORDER

Before the Court is Magistrate Judge Aida M. Delgado's Report and Recommendation ("R&R")(Docket No. 18) regarding petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255. (Docket No. 1.) The Magistrate Judge recommends that petitioner's motion be denied. Upon reviewing the objections filed, as well as the record of the case, the Court adopts the Magistrate Judge's R&R and denies petitioner's motion.

## BACKGROUND[1]

Sometime in 1999, petitioner Juan Jose Otero-Negron, together with an accomplice, held up Pablo E. Maldonado-Guardiola at gun point while he was at an ATM machine in a shopping mall in Vega Alta. Mr. Maldonado, a Puerto Rico police officer, was off duty at the time. One individual approached Maldonado from the back and, while pulling him by the arm, was also pushing him towards his car. The other individual was walking towards Maldonado and was pointing a revolver at him. Maldonado later testified at a suppression hearing that he did not see the face of the person who was pulling him by the arm but that the person touched him and felt his service revolver which was tucked into the waist band of his pants and was underneath his shirt. The individual pulled Maldonado's weapon from his waist band and told the person in front of Maldonado (his accomplice) that Maldonado had a weapon and that he was a policeman. The individual holding the revolver struck Maldonado on his nose and he fell to the ground. As he was trying to get up, he looked into the face of the person carrying the revolver. That person, later identified as petitioner, fired the weapon. Maldonado was struck by the bullet on the outer part of his right armpit and the bullet exited through his back near his

---

[1] The Court culls the relevant facts from the Magistrate Judge' R&R.

Civ. No. 04-1221(PG)                                                    Page 2

spinal cord and neck. Petitioner then got into Maldonado's car and left the scene.

Petitioner was indicted on September 7, 1999, and charged in a two-count indictment. (Crim. No. 99-280(PG), Docket No. 10.) Count One charge carjacking in violation of 19 U.S.C. §§2119(2) and Count Two charged him for the illegal use of firearm to commit a crime of violence in violation of 18 U.S.C. § 924(c)(1)(a) and (2). Petitioner was identified by Maldonado following three photo-spreads and a line-up. He identified him from the third photo spread and subsequently from the line-up. At the suppression hearing, Maldonado testified that he clearly saw who was the shooter and that nothing blocked his view of the shooter. After hearing the testimony of two witnesses and reviewing the evidence presented, the Court denied the motion to suppress. Petitioner later entered into a agreement with the government and pled guilty to Count One of the indictment and Court Two was dismissed.

The record reveals that at the change of plea hearing, the plea colloquy covered the core concerns of Rule 11 and the Court made sure that petitioner had full knowledge of the consequences of his plea and that he was not coerced into pleading guilty. At all times, petitioner stated he was satisfied with his counsel's performance.

Petitioner was sentenced on February 15, 2002. At the sentencing hearing, petitioner made a lengthy allocution and even asked the victim to forgive him. He was sentenced to a term of 235 months of imprisonment as to Count One. Judgment was entered the same day. Petitioner appealed the judgment claiming ineffective assistance of counsel. The First Circuit Court of Appeals advised him that the issue was better presented in a collateral proceeding rather that on direct appeal hence, the pending §2255 motion.

## DISCUSSION

### I. Standard for Reviewing a Magistrate-Judge's R&R

Pursuant to 28 U.S.C. §§ 636(b)(1)(B); Fed.R.Civ.P. 72(b); and Local Rule 503; a District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. See Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc., 286 F.Supp.2d 144, 146 (D.P.R. 2003). The adversely affected party may "contest the Magistrate Judge's report and recommendation by filing objections 'within ten days of being served' with a copy of the order." United States of America v. Mercado Pagan, 286 F.Supp.2d

```
Case 3:04-cv-01221-PG   Document 21   Filed 10/14/05   Page 3 of 3
```

Civ. No. 04-1221(PG)                                                   Page 3

231, 233 (D.P.R. 2003)(quoting 28 U.S.C. §§ 636(b)(1).) If objections are timely filed, the District Judge shall "make a de novo determination of those portions of the report or specified findings or recommendation to which [an] objection is made." Felix Rivera de Leon v. Maxon Engineering Services, Inc., 283 F.Supp.2d 550, 555 (D.P.R. 2003). The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate", however, if the affected party fails to timely file objections," 'the district court can assume that they have agreed to the magistrate's recommendation'." Alamo Rodriguez, 286 F.Supp.2d at 146 (quoting Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985).

## II. **Analysis**

A careful review of petitioner's objections reveal that he is rehashing basically the same arguments he raised in his §2255 motion. An objection of this sort is no objection at all. Sackall v. Heckler, 104 F.R.D. 401, 402-03 (1st Cir. 1984). "[I]f the magistrate system is to be effective, and if profligate wasting of judicial resources is to be avoided, the district court should be spared the chore of traversing ground already plowed by the magistrate." Id., at 403. Furthermore, as the Magistrate Judge described in detail in her R&R, petitioner's trial counsel was effective and complied with all of his constitutional duties. Indeed, when petitioner was asked at the if he was satisfied with the services of his counsel petitioner replied "very satisfied" (See RR, Docket No. at 4 making reference to Crim No. 99-280, Docket No. 83 at 4-5.) The Magistrate Judge carefully evaluated petitioner's ineffective assistance of counsel allegations and found them without merit. Upon reviewing the record, we agree with the Magistrate Judge's assessment. Petitioner fails to bring forth new arguments to show otherwise.

## CONCLUSION

Accordingly, the Court **ADOPTS** the Magistrate Judge' R&R (**Docket No. 18**) and **DENIES** petitioner's motion. (**Docket No. 1.**)

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, October 14, 2005.

S/JUAN M. PEREZ-GIMENEZ
U. S. DISTRICT JUDGE